WENDY J. OLSON, IDAHO STATE BAR NO. 7634
UNITED STATES ATTORNEY
NANCY D. COOK, TEXAS STATE BAR NO. 04741500
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF IDAHO
6450 N. MINERAL DRIVE, SUITE 210
COEUR D'ALENE, IDAHO 83815
TELEPHONE: (208) 667-6568
FACSIMILE: (208) 667-0814

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>NICOLETTE PATRICIA VALENTINE,<br><br>    Defendant. | Case No. 15-CR-0058-N-EJL<br><br>**RULE 11 PLEA AGREEMENT** |

A. **Summary of Terms.** Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(A) and (B), the defendant, the attorney for the defendant, and the government[1] agree that the defendant will plead guilty to counts three, ten, and twenty-six which charge the defendant with bank fraud, in violation of 18 U.S.C. § 1344; concealment of assets in connection with a bankruptcy case, in violation of 18 U.S.C. § 152(1); and false statement under oath in connection with her bankruptcy case, in violation of 18 U.S.C. § 152(2).

B. This plea is voluntary and did not result from force, threats, or promises, other than any promise made in this agreement. Upon acceptance of the defendant's guilty plea, and the defendant's full compliance with the other terms of this agreement, the government, will dismiss, under Federal Rule of Criminal Procedure 11(c)(1)(A), counts one, eight, nine, eleven through twenty-five, twenty-seven, and twenty-eight and under Federal Rules of Criminal Procedure 11(c)(1)(B), will recommend a sentence within the guidelines as determined by the court at the time of sentencing.

C. **Oath.** The defendant will be placed under oath at the plea hearing. The government may use any statement that the defendant makes under oath against the defendant in a prosecution for perjury or false statement.

II. **WAIVER OF CONSTITUTIONAL RIGHTS AT TRIAL**

The defendant waives the following rights by pleading guilty pursuant to this agreement: 1) the right to plead not guilty to the offense charged against the defendant and to persist in that plea; 2) the right to a trial by jury, at which the defendant would be presumed innocent and the burden would be on the government to prove the defendant's guilt beyond a reasonable doubt; 3) the right to have the jury agree unanimously that the defendant was guilty of the offense; 4) the

---

[1] The word "Government" in this Agreement refers to the United States Attorney for the District of Idaho.

right, at trial, to confront and cross-examine adverse witnesses; 5) the right to present evidence and to compel the attendance of witnesses; and 6) the right not to testify or present evidence without having that held against the defendant. If the court accepts the defendant's guilty plea, there will be no trial.

### III. NATURE OF THE CHARGES

**Elements of the Crime.** The elements of the crime of 18 U.S.C. § 1344 – Bank Fraud, as charged in Count Three:

1. That defendant knowingly executed a scheme or artifice to defraud Mountain West Bank or to obtain money, funds or other property owned by or under the control of Mountain West Bank by means of material false or fraudulent pretenses, representations or promises as detailed in count three of the indictment;
2. The defendant did so with the intent to defraud Mountain West Bank; and
3. Mountain West Bank was then insured by the Federal Deposit Insurance Corporation.

The element of the crime of 18 U.S.C. § 152(1) – Concealment of Assets in Connection With a Bankruptcy Case, as charged in Count Ten:

1. There was a bankruptcy proceeding;
2. The asset belonged to the bankrupt estate;
3. The defendant knowingly concealed assets from creditors or United States Trustee; and
4. The defendant acted fraudulently, that is, with the intent to deceive any creditor; the trustee; or the bankruptcy judge.

The elements of the crime of 18 U.S.C. § 152(2) – False Statement Under Oath, as charged in Count Twenty-six:

1. There was a bankruptcy proceeding;
2. The defendant made a statement under oath in relation to the bankruptcy proceeding;
3. The statement under penalty of perjury related to some material matter;
4. The statement under penalty of perjury was false; and
5. The defendant made the statement under penalty of perjury knowingly and with the intent to deceive any creditor; the trustee; or the bankruptcy judge.

    A.    **Factual Basis.** If this matter were to proceed to trial, the government and the defendant agree that the following facts would be proven beyond a reasonable doubt:

Nicolette P. Valentine, the defendant, defrauded Mountain West Bank when she made material false statements which were relied upon by Mountain West Bank and caused Mountain West Bank to lend money to refinance a truck. Instead of paying off the existing loan on the truck so that Mountain West Bank could obtain clear title to the collateral, the defendant deposited the proceeds of the loan, $43,766.27, into her bank account and used the money for living expenses. At all times material to this loan, Mountain West Bank was a federally insured financial institution. Nicolette acted with the intent to defraud Mountain West Bank.

In November 2011, Nicolette Valentine and her husband and co-defendant, Cortney Valentine contracted to sell 103 Festive Lane to J. F. for $1,150,000. Instead of the proceeds from the sale going into the bankruptcy estate because the property was part of the codefendant's bankruptcy filing in May 2011, the Valentines used the money for living expenses. On January 6, 2012, J.F. deposited into Nicolette Valentine's bank account $375,000, that should have been made part of her codefendant's bankruptcy estate. Nicolette acted knowingly, fraudulently and with the intent to deceive the creditor, trustee or bankruptcy judge.

In May 2012, the defendant, Nicolette Valentine, filed for relief under Chapter 11 of Title 11 of the United States Code. Her filing was assigned case number 12-20548 in the United States Bankruptcy Court for the District of Idaho. As part of the bankruptcy proceedings, the defendant testified under oath that "Pharmakos Riposte is a name of a limited liability company through which I get paid." The defendant knew that Pharmakos Riposte was not a limited liability company through which she got paid, instead it was a company owned by the purchaser of 103 Festive Lane, Sagle, Idaho. This was a material misstatement because the defendant represented that this was not an asset of the bankruptcy estate, when it was. The defendant aided in concealing not more than $649,512.52 in assets from the bankruptcy estate. Nicolette acted with the intent to deceive the creditor, trustee or bankruptcy judge.

## IV. SENTENCING FACTORS

A. **Penalties.** A violation of 18 U.S.C. § 1344, Bank Fraud, as charged in Count Three, is punishable by:

1. a term of imprisonment of 30 years

2. a term of supervised release of not more than five years

3. a maximum fine of $1,000,000, and a special assessment of $100;

A violation of 18 U.S.C. § 152(1) Concealment of Assets in Connection With a Bankruptcy Case, as charged in Count Ten is punishable by

1. a term of imprisonment of 5 years

2. a term of supervised release of not more than 3 years

3. a maximum fine of $250,000, and a special assessment of 100;

A violation of 18 U.S.C. § 152(3) False State Under Oath, as charged in Count Twenty-six, is punishable by

1. a term of imprisonment of 5 years

2. a term of supervised release of not more than 3 years

3. a maximum fine of $250,000, and a special assessment of 100;

B. **Supervised Release.** The court may impose a period of supervised release. No agreement exists as to the length of supervised release.

The law permits the combined prison time and term of supervised release to exceed the maximum term of incarceration for the crimes to which the defendant is pleading guilty. Violation of any condition of supervised release may result in further penalties and/or prosecution.

C. **Fines and Costs.** The court may impose a fine. No agreement exists as to the amount of the fine. The court may also order the defendant to pay the costs of imprisonment, probation, and supervised release.

D. **Special Assessment.** The defendant will pay the special assessments before sentencing and will furnish a receipt at sentencing. Payment will be made to:

> The United States District Court, Clerk's Office
> Federal Building and United States Courthouse
> 6450 N. Mineral Drive
> Coeur d'Alene, Idaho 83815.

E. **Restitution.** In addition to any forfeiture, fine, or costs imposed, the defendant agrees to pay restitution equal to the loss caused to any victim of the charged offense pursuant to any applicable statute. The defendant agrees to pay restitution in the sum of not more than $649,512.52, joint and several with the codefendant. Any money paid by either defendant will be deducted from each sum due and owing. The defendant agrees that all monetary penalties imposed by the court, including restitution, will be due immediately and subject to immediate enforcement by the government. The defendant agrees that any payment schedule or plan set by the court is merely a minimum schedule of payments and neither the only method, nor a limitation on the methods, available to the government to enforce the judgment, unless the court specifically states otherwise. The defendant is aware that voluntary payment of restitution prior to adjudication of guilt is a factor in considering whether the defendant has accepted responsibility under the United States sentencing guidelines ("USSG") §3E1.1. The government agrees that forfeited funds will be submitted through the restoration process to be applied to the Court-ordered restitution to victims.

F. **Forfeiture.** The defendant understands that the court will, upon acceptance of the defendant's guilty plea(s), enter a forfeiture order as part of the defendant's sentence. The forfeiture order may include assets directly traceable to the offense(s), assets used in the

commission of the offense(s), and substitute assets and/or a money judgment equal to the value of the property derived from, or involved in, the offense(s). The defendant agrees immediately to forfeit to the government the property set out in the forfeiture allegation(s) of the indictment and all property and property interests that constitute proceeds traceable to the violations as set out in the applicable forfeiture allegations, including the following:

    1.    <u>Cash Proceeds.</u> Not more than $649,512.52 and all interest and proceeds traceable thereto as proceeds of the offenses pleaded to and as to which the defendant is jointly and severally liable with codefendant herein.

Pursuant to 21 U.S.C. § 853(p), the government will seek forfeiture of substitute assets, or "other properties," up to the value of the defendant's assets subject to forfeiture. The government will do so when the property subject to forfeiture cannot be forfeited for one or more of the following reasons:

    a.    the property cannot be located upon the exercise of due diligence;
    b.    the property has been transferred, sold to, or deposited with a third person;
    c.    the property has been placed beyond the jurisdiction of the court;
    d.    the property has been substantially diminished in value; and/or
    e.    the property has been commingled with other property that cannot be subdivided without difficulty.

"Other properties" includes property not otherwise forfeitable, pursuant to 21 U.S.C. § 853 and 18 U.S.C. § 982. Forfeiture of substitute assets shall not constitute an alteration in the defendant's sentence.

The defendant agrees that the forfeitures herein are separate from all other penalties, including monetary ones, and are also separate from restitution. The defendant agrees to consent to abandonment proceedings as to forfeitable property herein, and to the entry of orders of forfeiture for such property, including civil administrative forfeiture, civil judicial forfeiture, or criminal forfeiture. Finally, the defendant agrees to waive the requirements of Federal Rules of

Criminal Procedure 11(b)(1)(J), 32.2 and 43(a) regarding: (a) notice of the forfeiture in the charging instrument, (b) advice regarding the forfeiture at the change-of-plea hearing, (c) announcement of the forfeiture at sentencing, and (d) incorporation of the forfeiture in the judgment. If this agreement is withdrawn for any reason, the defendant waives the right to contest all civil and administrative forfeitures that began before the withdrawal.

The defendant agrees to assist fully in the forfeiture of the foregoing assets, and to take all steps necessary to pass clear title to the forfeited assets to the government. The defendant will thus, for example, execute all documents necessary to transfer such title, assist in bringing any assets located outside of the United States within the jurisdiction of the United States, take whatever steps are necessary to ensure that assets subject to forfeiture are not sold, disbursed, wasted, hidden or otherwise made unavailable for forfeiture, etc.

The defendant will not assist any third party in asserting a claim to the forfeited assets in an ancillary proceeding, related civil forfeiture case, or petition for remission or mitigation of forfeiture. Further, the defendant will testify truthfully in any such proceeding. The defendant agrees to waive all challenges, on any grounds, to any forfeiture carried out in accordance with this agreement.

The defendant is the sole owner of the properties and property interests listed above, except as specifically set out herein. If the defendant is not the sole owner of these properties and interests, representations are false or inaccurate, the government may pursue any and all forfeiture remedies available at law or equity based on the violations covered by this agreement.

The defendant agrees that the forfeiture provisions of this agreement will survive the defendant, notwithstanding the abatement of any underlying criminal conviction after the execution of this Agreement. The forfeitability of any particular property pursuant to this agreement shall be determined as if defendant had survived, and that determination shall bind the

defendant's heirs, successors and assigns until the agreed forfeiture is collected in full. This includes any agreed money judgment amount. If the crime(s) involved victims, then the defendant acknowledges and agrees that this agreement to disgorge the defendant's wrongfully-obtained criminal proceeds for the benefit of the defendant's victims is remedial in nature. Therefore, the defendant intends disgorgement to be completed regardless of any possible future abatement of defendant's criminal conviction. The court shall retain jurisdiction to settle any disputes arising from application of the foregoing forfeiture provisions.

V.  **UNITED STATES SENTENCING GUIDELINES**

   A.  **Application of Sentencing Guidelines.** The court must consider the USSG in determining an appropriate sentence under 18 U.S.C. § 3553. The defendant agrees that the court may consider "relevant conduct" in determining a sentence pursuant to USSG § 1B1.3.

   The court is not a party to this agreement. The agreement does not bind the court's determination of the USSG range. The court will identify the factors that will determine the sentencing range under the USSG. While the court may take the defendant's cooperation, if any, and the recommendations of the parties into account, the court has complete discretion to impose any lawful sentence, including the maximum sentence possible.

   Recognizing that the court is not bound by this agreement, the parties agree to the recommendations and requests set forth below.

   B.  **Sentencing Guidelines Recommendations and Requests.**

       1.  <u>Government's statements at sentencing.</u> The government reserves the right to fully allocute at sentencing regarding any sentencing recommendation and to rely on any information in support of its recommendation regardless of whether the information is contained in the plea agreement or the presentence report.

2. <u>Acceptance of Responsibility.</u> If the defendant clearly accepts responsibility for the offense, the defendant will be entitled to a reduction of two levels in the combined adjusted offense level, under USSG § 3E1.1(a). The government will move for an additional one-level reduction in the combined offense level under § 3E1.1(b) if the following conditions are met: (1) the defendant qualifies for a decrease under § 3E1.1(a); (2) the offense is level 16 or greater; and (3) the defendant has timely notified authorities of the defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the court to allocate its resources efficiently. If, before sentence is imposed, the defendant fails to meet the criteria set out in USSG § 3E1.1, or acts in a manner inconsistent with acceptance of responsibility, the government will withdraw or decline to make such a recommendation.

3. <u>Role in the Offense.</u> The government agrees to recommend that the defendant's offense level be decreased by two levels for the defendant's minor role in the offense pursuant to USSG § 3B1.2(b).

4. <u>Amount of Loss.</u> The parties agree that the amount of loss is not more than $649,512.52.

5. <u>Downward Departure or Variance Request by defendant.</u> Unless otherwise specified in this paragraph, the defendant will not seek a downward departure or variance under 18 U.S.C. § 3553(a), without first notifying the government of the defendant's intent to seek a downward departure and the defendant's reasons and basis therefor, such notice to be provided not less than 21 days before the date set for sentencing.

## VI. COOPERATION

A. **Truthful Information and Assistance.** The defendant promises to provide truthful and complete information to the government and its investigative agencies, including

testimony in legal and administrative proceedings, concerning the defendant's role and the roles of all others involved in offense-related behavior and other criminal activity. The defendant shall not attempt to protect anyone through false information or omission. The defendant will not falsely implicate anyone. Any intentional deviation from the truth in any of the defendant's testimony may result in prosecution for perjury and obstruction of justice. The defendant's duty under the terms of this agreement is to tell the truth whether or not it bolsters the government's case against any particular individual. The defendant specifically understands that this agreement is not contingent upon the conviction of any person or the forfeiture of any property.

The defendant agrees to cooperate in good faith. This means the defendant will not only respond truthfully and completely to all questions asked but will also volunteer all information that is reasonably related to subjects discussed. In other words, the defendant may not omit facts about crimes, participants, or defendant's involvement, and then claim not to have breached the agreement because the defendant was not specifically asked. This agreement is breached by any action or statement inconsistent with continued cooperation. Determination of a breach is solely within the discretion and determination of the attorney for the government. The defendant acknowledges that any breach of this cooperation agreement will absolve the government of any obligation for consideration based upon cooperation and will constitute grounds for the government to withdraw from this agreement. The defendant further acknowledges that the government's decision not to grant consideration for cooperation based on a determined breach will not constitute grounds for the defendant to withdraw from this agreement.

The defendant agrees to be available for interviews to prepare for testimony. If requested, the defendant will submit to government-administered polygraph examinations.

The defendant agrees to identify all property related to the defendant's crimes to which the defendant has pleaded guilty, and any relevant conduct. The defendant will identify the extent of

any person's or entity's (including defendant's) interest in any such property. The defendant agrees to assist in the recovery and forfeiture of such property to the government.

B. **Use of Information Against Defendant.** In exchange for the defendant's agreement, the government will not use new information the defendant provides (pursuant to this agreement) about the defendant's own criminal conduct under USSG § 1B1.8. There shall be no restrictions, however, on the use of information: 1) previously known to law enforcement agencies; 2) revealed to law enforcement agencies by, or discoverable through, an independent source; or 3) in the event there is a breach of this agreement.

C. **Substantial Assistance Determination.** If the government determines, in good faith, that the defendant's cooperation amounts to "substantial assistance" in the investigation of others, the government will request that the court depart downward from the applicable sentencing range, pursuant to USSG § 5K1.1. If the government determines the defendant has not provided substantial assistance, the government will not move for a downward departure.

The government's final decision whether to file motions pursuant to § 5K1.1 will be made after evaluating the defendant's cooperation with regards to: 1) the significance and usefulness of the defendant's cooperation, 2) the truthfulness, completeness, and reliability of any information or testimony provided by the defendant, 3) the nature and extent of the defendant's assistance, 4) any injury suffered, or any danger or risk of injury to the defendant or defendant's family resulting from the defendant's cooperation, and 5) the timeliness of the defendant's cooperation. The government's specific recommendation will turn on the facts of the case, the sentence that likely would have been imposed absent an agreement, and the extent and value of the cooperation provided. The government's decision not to file such a motion will not constitute grounds for the defendant to withdraw from this agreement.

D.  **Defendant's Assumption of Risk.** The defendant agrees freely and voluntarily to cooperate with the government, knowing the possible consequences of cooperation. The defendant's attorney knows of the defendant's cooperation and agrees that the defendant shall enter into this agreement. The defendant hereby absolves the government, including its employees, from any liability associated with this cooperation.

## VII. WAIVER OF RIGHT TO DIRECT APPEAL AND TO COLLATERAL ATTACK UNDER 28 U.S.C. § 2255

A.  **Waiver:** In exchange for this agreement, and except as provided in subparagraph B, the defendant waives any right to appeal or collaterally attack the entry of plea, the conviction, the entry of judgment, and the sentence, including forfeiture and restitution.

The defendant acknowledges that this waiver shall result in the dismissal of any direct appeal or collateral attack the defendant might file seeking to challenge the plea, conviction or sentence in this case. Further, the filing of such an appeal or collateral attack will breach this agreement and will allow the government to withdraw from the agreement and take other remedial action.

If the defendant believes the government has not fulfilled its obligations under this agreement, the defendant will object at the time of sentencing; further objections are waived.

B.  **Exceptions:**

   1.  **Direct Appeal:** Notwithstanding subparagraph A, the defendant shall retain the right to file one direct appeal if one of the following unusual circumstances occurs:

      a.  the sentence imposed by the court exceeds the statutory maximum;

      b.  the court arrived at an advisory USSG range by applying an upward departure under chapter 5K of the USSG; or

      c.  the court exercised its discretion under 18 U.S.C. § 3553(a) to impose a sentence that exceeds the advisory USSG range as determined by the court.

The defendant understands that the above circumstances occur rarely and that in most cases this agreement completely waives all appellate rights.

        2.     **Motion Under 28 U.S.C. § 2255:** Notwithstanding subparagraph A, the defendant shall retain the right to file a 28 U.S.C. § 2255 motion alleging ineffective assistance of counsel.

## VIII. PROVIDING INFORMATION FOR THE PRESENTENCE REPORT

The defendant agrees to provide material financial and other information requested by a representative of the United States probation office for use in preparing a presentence report. Failure to execute releases and provide information for the presentence report violates this agreement and relieves the government of its obligations in this agreement. Such failure and response by the government will not, however, constitute grounds for withdrawing the plea of guilty unless the government so requests. Providing materially false information will subject the defendant to additional penalties, including an enhancement under USSG § 3C1.1.

## IX. DISCLOSING FINANCIAL INFORMATION

The defendant agrees to disclose all of the defendant's assets and sources of income to the government, including all assets over which the defendant exercises or exercised direct or indirect control, or in which the defendant has had any financial interest. The defendant also agrees to cooperate in obtaining any records relating to ownership of assets when sought by the government. The defendant agrees truthfully to complete a personal financial statement within fourteen days from the date the defendant signs this agreement. If the government provides a financial statement to be completed, the defendant agrees to complete the financial statement truthfully and accurately within fourteen days from the date the defendant signs this agreement or the date the financial statement is provided to the defendant or counsel, whichever is later. The defendant agrees to provide updates with any material changes in circumstances, as described in

18 U.S.C. § 3664(k) within seven days of the event giving rise to the changed circumstances. The failure timely and accurately to complete, sign, and update the financial statements as required herein, may constitute failure to accept responsibility under USSG § 3E1.1, as well as other things.

The defendant authorizes the government: (a) to obtain a credit report on the defendant; (b) to inspect and copy all financial documents and information held by the United States probation office; and (c) to obtain financial records related to the defendant.

Before sentencing, defendant agrees not to dissipate any assets without the consent of both the government's financial litigation unit and the asset forfeiture unit. If any assets are sold, any sale proceeds received from sale of assets will be deposited with the clerk and, upon sentencing, paid toward any monetary penalties due as ordered in the judgment.

## X. NO RIGHT TO WITHDRAW PLEA

The defendant understands that the court may not follow the recommendations or requests made by the parties at the time of sentencing. The defendant cannot withdraw from this agreement or the guilty plea, regardless of the court's actions.

## XI. CONSEQUENCES OF VIOLATING AGREEMENT

A. **Government's Options.** If the defendant fails to keep any promise in this agreement or commits a new crime, the government is relieved of any obligation: 1) to make a sentencing recommendation consistent with the terms promised in this agreement; and 2) not to prosecute the defendant on other charges, including charges not pursued due to this agreement. Such charges may be brought without prior notice. In addition, if the government determines after sentence is imposed that the defendant's breach of the agreement warrants further prosecution, the government may choose between letting the conviction(s) under this agreement stand or vacating such conviction(s) so that such charge(s) may be re-prosecuted. If the

government determines that a breach warrants prosecution before sentencing, it may withdraw from the agreement in its entirety.

The government's election to pursue any of the above options cannot be a basis for the defendant to withdraw the guilty plea(s) made pursuant to this agreement.

B.  **Defendant's Waiver of Rights.** If the defendant fails to keep any promise made in this agreement, the defendant gives up the right not to be placed twice in jeopardy for the offense(s) to which the defendant entered a plea of guilty or which were dismissed under this agreement. In addition, for any charge that is brought as a result of the defendant's failure to keep this agreement, the defendant gives up: (1) any right under the Constitution and laws of the United States to be charged or tried in a more speedy manner; and (2) the right to be charged within the applicable statute of limitations period if the statute of limitations has expired.

Furthermore, if the defendant does not enter an acceptable plea, the government will move to continue the trial now set to allow the government adequate time to prepare. The defendant agrees not to contest such a continuance, and agrees that the resulting delay would be excludable time under 18 U.S.C. § 3161(h).

## XII.  MISCELLANEOUS

A.  **No Other Terms.** This agreement is the complete understanding between the parties, and no other promises have been made by the government to the defendant or to the attorney for the defendant. This agreement does not prevent any governmental agency from pursuing civil or administrative actions against the defendant or any property. Unless an exception to this paragraph is explicitly set forth elsewhere in this document, this agreement does not bind or obligate governmental entities other than that specified as the government in this agreement (i.e., the United States Attorney's Office for the District of Idaho). The government

will bring the defendant's cooperation and pleas to the attention of other prosecuting authorities at the request of defendant or counsel.

B. **Plea Agreement Acceptance Deadline.** This plea offer is explicitly conditioned on the defendant's notification of acceptance of this agreement no later than 5:00 p.m. on March 30, 2016.

## XIII. UNITED STATES' APPROVAL

I have reviewed this matter and the agreement. This agreement constitutes a formal plea offer from the government. Any oral discussions with the defendant and defense counsel about a plea do not constitute a plea offer. Any written offer or agreement made before this agreement is no longer a valid offer by the government and is rescinded. I agree on behalf of the United States that the terms and conditions set forth above are appropriate and are in the best interests of justice.

WENDY J. OLSON
UNITED STATES ATTORNEY
By: _____     _____May 11, 2016_____
NANCY D. COOK                                                  Date
Assistant United States Attorney

## XIV. ACCEPTANCE BY DEFENDANT AND COUNSEL

I have read and carefully reviewed every part of this agreement with my attorney. I understand the agreement and its effect upon my potential sentence. Furthermore, I have discussed all of my rights with my attorney and I understand those rights. No other promises or inducements have been made to me, directly or indirectly, by any agent of the government, including any Assistant United States Attorney, concerning the plea to be entered in this case. I understand that this agreement constitutes a formal plea offer from the government. Any oral discussions between the government and me or my counsel about a plea do not constitute a plea offer. Any written offer or agreement made before this agreement is no longer a valid offer by the

**Plea Agreement**          16          Rev. November 2015 (General)

government and is rescinded. In addition, no one has threatened or coerced me to do, or to refrain from doing, anything in connection with this case, including enter a guilty plea. I understand that, if I am not a citizen or naturalized citizen of the United States, by pleading guilty in this case it is virtually certain that I will be removed from the United States. I am satisfied with my attorney's advice and representation in this case.

_____          5/11/16
NICOLETTE PATRICIA VALENTINE            Date
Defendant

     I have read this agreement and have discussed the contents of the agreement with my client. The agreement accurately sets forth the entirety of the agreement. I have conveyed all written offers from the government to the defendant pursuant to *Missouri v. Frye*, 132 S. Ct. 1399, 1408-09 (2012). I understand that this agreement constitutes a formal plea offer from the government. Any oral discussions between the government and me or my client about a plea do not constitute a plea offer. Any written offer or agreement made before this agreement is no longer a valid offer by the government and is rescinded. I have discussed with my client the fact that if my client is not a citizen or naturalized citizen of the United States, by pleading guilty in this case, it is virtually certain that my client will be removed from the United States. I concur in my client's decision to plead guilty as set forth above.

_____          May 11, 2016
ANDREA GEORGE                           Date
Attorney for the defendant